UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-20177-JEM/Becerra

PAUL REIFFER,

      Plaintiff

v.

ACTIVE CERTIFICATION SERVICES LLC
d/b/a ACS W3 SOLUTIONZ,

      Defendant.

_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** came before the Court on Plaintiff Paul Reiffer's ("Plaintiff") Motion for Entry of Final Judgment of Default Against Defendant Active Certification Services LLC d/b/a ACS W3 Solutionz ("Defendant"). ECF No. [20]. The District Court granted Plaintiff's Motion as to its substantive claims and referred this matter to the undersigned "with respect to Plaintiff's damages, request for attorney's fees and costs, and request for injunctive relief." ECF No. [23] at 6. Defendant did not file a response to the Motion and the time to do so has passed. Moreover, the undersigned held a hearing on this matter, but Defendant did not appear for the hearing. ECF No. [25]. Therefore, upon due consideration of Plaintiff's Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that Plaintiff's request for damages, injunctive relief, and attorneys' fees and costs be **GRANTED IN PART AND DENIED IN PART**.

---

[1] This matter was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge. ECF No. [23].

I.   BACKGROUND

Plaintiff Reiffer is a "professional landscape, cityscape and commercial photographer." ECF No. [20-1] ¶ 2. He states that his images are scarce because he uses a Phase One XF iQ3/100 Megapixel Medium Format digital camera and uses other "advanced photo techniques." *Id.* ¶¶ 2, 6. Plaintiff photographed the Dubai skyline and subsequently registered the photograph with the Register of Copyrights, which assigned registration number VA 2-083-974 on January 19, 2018 (the "Photograph"). *Id.* ¶¶ 3–4. Although Plaintiff never licensed the Photograph for commercial use, on July 4, 2019, he discovered that Defendant was using the Photograph without his consent. *Id.* ¶¶ 9–11. Plaintiff states that he notified Defendant of the infringement on October 25, 2019 and May 12, 2020, but Defendant did not address it in accordance with Plaintiff's demands. ECF No. [1] ¶ 26. Accordingly, on January 15, 2021, Plaintiff filed suit against Defendant for copyright infringement. *See id*. On March 9, 2021, a Clerk's Default was entered against Defendant based on its failure to appear in this action. ECF No. [15]. On June 16, 2021, upon a motion by Plaintiff, the District Court entered a Default Final Judgment, finding that "Plaintiff has pled a claim for copyright infringement" and referring to the undersigned for a hearing on damages. ECF No. [23] at 5–6.

In the instant Motion, Plaintiff first requests $45,000.00 in statutory damages pursuant to 17 U.S.C. § 504. ECF No. [20] at 14–16. Plaintiff argues that because Defendant willfully infringed on his copyright, he may be entitled to statutory damages up to $150,000. *Id.* at 14 (citing 17 U.S.C. § 504(c)(2)). Plaintiff states that although he does not ordinarily license his work, he would have licensed the Photograph for $3,000 per year. *Id.* at 16. Plaintiff submits that based on the "significant technical attributes" and complexity of the Photograph, a scarcity multiplier of five is warranted in this case, thereby making the annual fair market value of the Photograph $15,000. *Id.* at 17. Plaintiff further argues that because Defendant willfully infringed

on his copyright, he is entitled to treble damages under the Copyright Act. *Id.* As such, Plaintiff requests $45,000 in statutory damages, or three times the annual market value of the Photograph. *Id.* Plaintiff also requests the entry of a permanent injunction against Defendant to prevent it from continuing to willfully copy Plaintiff's work. *Id.* at 20. Plaintiff argues that the entry of an injunction is appropriate because legal remedies will not prevent Defendant's use of Plaintiff's work in the future. *Id.*

Finally, Plaintiff contends that he is entitled to $5,166.60 in attorneys' fees and costs under Section 505. *Id.* at 17–18. Plaintiff requests $4,676.50 in attorneys' fees. *Id.* at 18. In support of this request, Plaintiff's counsel, Joel B. Rothman, submitted an affidavit. ECF No. [20-2]. In his affidavit, Mr. Rothman states that the following individuals billed in this matter: (1) Mr. Rothman billed 0.7 hours at $395 per hour; (2) attorney Craig Wirth billed 4.5 hours at $350 per hour; (3) attorney Joseph Dunne billed 2.4 hours at $450 per hour; (4) paralegal Jamie Christine James billed 7.4 hours at $200 per hour; (5) paralegal Michael Mulvaney billed 0.1 hours at $200 per hour; (6) legal assistant Lia DiNuzzo billed 0.9 hours at $125 per hour; (7) legal assistant Brandy Brown billed 0.3 hours at $175 per hour; and (8) investigator Kim Abajian billed 0.4 hours at $200 per hour. *Id.* ¶¶ 8–15. The billing records indicate that a total of 16.70 hours were expended in this matter. ECF No. [20-3] at 11. In addition, Plaintiff requests $490.10 in costs, which includes $402.00 in filing fees, $80.00 in service of process costs, and $8.10 in priority mail fees. ECF Nos. [20] at 12–13; [20-2] ¶¶ 3–4; [20-3] at 3.

## II.     ANALYSIS

### A. Plaintiff Is Entitled To $45,000 In Statutory Damages.

The Copyright Act provides that the owner of a copyright may recover either "(1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a).

Specifically, an owner is entitled to "a sum of not less than $750 or more than $30,000 as the court considers just." *Id.* at § 504(c)(1). However, if the infringement was willfully committed, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *Id.* at § 504(c)(2). Willfulness is established where the defendant acts "with actual knowledge or reckless disregard for whether its conduct infringed upon the plaintiff's copyright . . . . The Court may infer that the Defendant willfully infringed the Plaintiff's copyright through the Defendant's default." *Corson v. Gregory Charles Interiors, LLC*, No. 9:19-CV-81445, 2020 WL 6323863, at *2 (S.D. Fla. Aug. 7, 2020) (citations and quotations omitted).

Here, Plaintiff attests that he would charge an annual licensing fee of $3,000 for the photograph. ECF No. [20-1] ¶ 12. Plaintiff states that a scarcity multiplier is appropriate based on the technical attributes of the Photograph, including:

> [M]onitoring the environment with regard to atmospheric conditions, cloud cover, and seasonal weather; location scouting to identify potential photo locations; and using advanced photo techniques, both in-camera and via post-production software, to ensure a common brightness, contract, clarity, color temperature, color saturation, color tonality, and image noise reduction. Additionally, the [Photograph] was created using a Phase One XV iO3/100 100 Megapixel Medium Format digital camera system valued at $60,000.

*Id.* ¶ 6.

The Court finds that a scarcity multiplier of five is appropriate to reflect the fair market value of Plaintiff's photography. *See Corson*, 2020 WL 6323863, at *2 (concluding that a scarcity multiplier of four was appropriate considering the techniques employed); *Affordable Aerial Photography, Inc. v. VisitWPB.Com, Inc.*, No. 17-CV-81306-BB, 2018 WL 6519104, at *3 (S.D. Fla. Apr. 23, 2018) (finding that a "scarcity multiplier of six is appropriate to reflect the fair market value of the [w]ork") (citing *Leonard v. Stemtech Int'l, Inc.*, 834 F.3d 376, 395 (3d Cir. 2016)). As such, Plaintiff's actual damages are $15,000 per year ($3,000 times a scarcity multiplier of five). Because Plaintiff attests that he notified Defendant of the infringement on October 25, 2019

and May 12, 2020, the Court finds that Defendant willfully infringed on Plaintiff's copyright given its failure to address the infringement. Indeed, the Court may infer willfulness by virtue of the default. Accordingly, Plaintiff is entitled to a trebling of its actual damages of $15,000. It is therefore **RECOMMENDED** that Plaintiff be awarded a total of $45,000 in statutory damages.

### B.  Plaintiff Is Entitled To A Permanent Injunction Against Defendant.

The Copyright Act provides that a court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). In copyright infringement cases, permanent injunctions are issued to protect against "the threat of continuing copyright infringement." *Microsoft Corp. v. Tech. Enters., LLC*, 805 F. Supp. 2d 1330, 1333 (S.D. Fla. 2011); *Sony Music Ent., Inc. v. Glob. Arts Prods.*, 45 F. Supp. 2d 1345, 1347 (S.D. Fla. 1999) (noting that "[i]njunctive relief is a traditional remedy for copyright infringement"). In order to establish the need for an injunction, the plaintiff must demonstrate that "(1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction." *Microsoft*, 805 F. Supp. 2d at 1334 (citing *Peter Letterese and Assocs., Inc. v. World Inst. of Scientology Enters., Int'l*, 533 F.3d 1287, 1323 (11th Cir. 2008)).

In copyright infringement cases, irreparable injury is presumed upon a plaintiff's showing reasonable likelihood of success on the merits. *Arista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003); *Sony*, 45 F. Supp. 2d at 1347 ("The only difference in the elements needed for the granting of a permanent, as opposed to a preliminary, injunction is the need to show success on the merits, not merely likelihood of success.") (citing *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 546 (1987)). Moreover, monetary damages are insufficient because

5

without an injunction the copyright at issue "would remain vulnerable to continued, repeated infringement." *Arista*, 298 F. Supp. 2d at 1315. Finally, as to the public interest, the Copyright Act contemplates that protection of the public because its purpose "is to encourage works of the intellect by protecting the copyright [] holder from infringement." *Original Appalachian Artworks, Inc. v. Topps Chewing Gum, Inc.*, 642 F. Supp. 1031, 1040 (N.D. Ga. 1986).

In this case, the Court finds that a permanent injunction against Defendant is appropriate in order to prevent Defendant's continued use of the Photograph. As the District Court has already determined, "Plaintiff has pled a claim for copyright infringement, and final default judgment shall be entered against Defendant." ECF No. [23] at 5. As such, "the default against Defendant[] satisfies the element of success on the merits." *Sony*, 45 F. Supp. 2d at 1347. Moreover, the Court finds that a remedy in equity is warranted because the removal of the Photograph from Defendant's website will cause little to no harm to Defendant, whereas the continued appropriation of Plaintiff's copyright constitutes an ongoing harm to Plaintiff. As Plaintiff explained in his affidavit and at the hearing, the continued use of the Photograph diminishes the exclusivity of his work. *See* ECF No. [20-1] ¶ 18. As such, the balance of hardships clearly tips in Plaintiff's favor. Finally, the entry of a permanent injunction against Defendant would be in the public interest because it embodies the protections contemplated by the Copyright Act. Therefore, the undersigned **RECOMMENDS** that Plaintiff's request for an injunction be **GRANTED**.

### C. Plaintiff Is Entitled To $4,339.10 In Attorneys' Fees And Costs.

The Copyright Act provides that "the court in its discretion may allow the recovery of full costs by or against any party . . . ." 17 U.S.C. § 505. Fees and costs are routinely awarded to "(1) deter future copyright infringement; (2) ensure that all holders of copyrights which have been infringed will have equal access to the court to protect their works; and (3) penalize the losing

party and compensate the prevailing party." *Arista Records*, 298 F. Supp. 2d at 1315–16 (quoting *A & N Music Corp. v. Venezia*, 733 F. Supp. 955, 959 (E.D. Pa. 1990)).

### i. Attorneys' Fees

In determining the appropriate fee, courts use the lodestar method, which requires that the number of hours expended be multiplied by the reasonable hourly rate. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). A reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum*, 465 U.S. at 895–96 n.11). The relevant legal community for purposes of determining the reasonable hourly rate for an attorney's service is "the place where the case is filed." *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994). The Court is deemed an expert on the issue of attorneys' fees and rates and "may consider its own knowledge and experience concerning reasonable and proper fees." *Norman*, 836 F.2d at 1303 (citing *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir.1940)).

Plaintiff Reiffer requests $4,676.50 in attorneys' fees for the legal services rendered by SRIPLAW, P.A. ECF No. [20-2] ¶ 5. There are three lawyers who billed time in this case. The affidavit submitted in conjunction with the instant Motion states that Joel B. Rothman, Esq. billed at $395 per hour, Craig Wirth, Esq. billed at $350 per hour, and Joseph Dunne, Esq. billed at $450 per hour. ECF No. [20-2] ¶¶ 8–9, 12. However, the affidavit does not provide *any* support for the requested hourly rates. *See id.* Accordingly, the Court relies on its own experience and on the holding of other courts in this Circuit in determining whether the requested hourly rates are reasonable.

First, as to Mr. Rothman, it appears that the requested hourly rate of $395 is reasonable because he "was admitted to the Florida Bar in 1996 and is Board Certified in Intellectual Property by The Florida Bar." *Corson*, 2020 WL 6323863, at *4 (finding $395 per hour to be a reasonable rate for Mr. Rothman); *Stross v. Roberson*, No. 619CV388ORL37LRH, 2019 WL 7562382, at *9 (M.D. Fla. Oct. 3, 2019) (concluding that Mr. Rothman's requested rate of $395 per hour was reasonable). Moreover, as to Mr. Wirth, the requested rate of $350 per hour is reasonable for an associate who "was admitted to the Florida Bar in 2016." *Corson*, 2020 WL 6323863, at *4; *Reiffer v. World Views LLC*, No. 6:20-CV-786-RBD-GJK, 2021 WL 1269247, at *5 (M.D. Fla. Mar. 1, 2021) (concluding that an hourly rate of $350 was reasonable for Mr. Wirth) (citing Declaration of Joel B. Rothman, *Reiffer v. World Views LLC*, No. 6:20-CV-786-RBD-GJK (M.D. Fla. Oct. 6, 2020), ECF No. [15-2]). However, as to Mr. Dunne, the Court finds that the requested hourly rate of $450 is excessive, particularly where no information was provided as to his qualification or experience. Upon the Court's independent review, it appears that Mr. Dunne was admitted to the New York Bar in 2010.[2] Accordingly, the Court recommends that Mr. Dunne's hourly rate be reduced to $375 per hour to be consistent with Mr. Rothman and Mr. Wirth's rate.

In addition, two paralegals, two legal assistants, and one investigator billed time in this case. The affidavit states that paralegals Jamie Christine and Michael Mulvaney billed at $200 per hour, legal assistant Brandy Brown billed at $175 per hour, legal assistant Lia DiNuzzo billed at $125 per hour, and investigator Kim Abajian billed at $200 per hour. ECF No. [20-2] ¶¶ 10–11, 13–15. Because the affidavit does not provide any support for the requested hourly rates, the Court finds the rates to be unreasonable. Based on the Court's experience, the prevailing market rate in South Florida, the straightforward legal issues involved in this case, and the lack of support for the

---

[2] *See* Attorney Online Services, New York State Unified Court System, https://iapps.courts.state.ny.us/attorneyservices/wicket/page?3 (last visited Nov. 8, 2021).

requested rates, the Court concludes the reasonable hourly rate to be $125 for paralegals and $100 for legal assistants and investigators. *See Reiffer*, 2021 WL 1269247, at *5 (concluding that, in a copyright infringement case, the reasonable hourly rate was $125 for paralegals and $100 for legal assistants); *Corson*, 2020 WL 6323863, at *5 (reducing paralegal's hourly rate to $135 per hour).

The invoices submitted provide that 16.70 hours were expended in this matter. ECF No. [20-3] at 11. A fee applicant must set out "the general subject matter of the time expende[d by the attorney] with sufficient particularity so that the court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983). A fee applicant must exercise billing judgment by excluding "excessive, redundant or otherwise unnecessary [hours]." *Hensley*, 461 U.S. at 434. In this case, the Court finds that the invoices contain sufficiently detailed explanations for each entry. *See* ECF No. [20-3]. Thus, after a review of the timesheets submitted, the Court concludes that the hours expended were reasonable.

In sum, the Court has carefully reviewed the affidavit and invoices submitted by Plaintiff's counsel, as well as other matters in this Circuit where Plaintiff's counsel has been awarded attorneys' fees. Based on that review and on the Court's own experience, the Court finds that the following recovery is appropriate: (1) Joel B. Rothman at $395 per hour for 0.7 hours; (2) Craig Wirth at $350 per hour for 4.5 hours; (3) Joseph Dunne at $375 per hour for 2.4 hours; (4) Jamie Christine at $125 per hour for 7.4 hours; (5) Michael Mulvaney at $125 per hour for 0.1 hours; (6) Brandy Brown at $100 per hour for 0.3 hours; (7) Lia DiNuzzo at $100 per hour for 0.9 hours; and (8) Kim Abajian at $100 per hour for 0.4 hours. As a result of the adjustment, it is hereby **RECOMMENDED** that Plaintiff should recover $3,849.00 in attorneys' fees.

    ii.    **Costs**

In copyright infringement cases, courts may award those costs enumerated in Title 28, United States Code, Section 1920. *See Artisan Contractors Ass'n of Am., Inc. v. Frontier Ins. Co.*,

275 F.3d 1038, 1038–39 (11th Cir. 2001). Section 1920 provides that the following costs are recoverable:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

In this case, Plaintiff Reiffer requests $490.10 in costs, which includes (1) $402.00 in filing fees, (2) $40.00 in service of process costs, and (3) $8.10 in priority mail costs. ECF No. [20-3] at 3. The costs requested are all recoverable under Section 1920(1). *Corson*, 2020 WL 6323863, at *6 (awarding costs in the amount of "$448.10, which includes filing fees to the court ($400.00), $40.00 in service charges, and $8.10 in mailing costs"); *Stockfood Am., Inc. v. Fernando Arcay Special Events Corp.*, No. 19-22286-CV, 2019 WL 9904155, at *5 (S.D. Fla. Dec. 31, 2019) ("Plaintiff's requested cost award totals $723.60, which is inclusive of filing fees to the court ($400.00), $303.70 in service charges, and $19.90 in mailing costs. As all are recoverable under Section 1920, Plaintiff is entitled to the full amount included in its request."). Accordingly, the undersigned **RECOMMENDS** that Plaintiff should recover $490.10 in costs.

### III. CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that Plaintiff's request for damages, injunctive relief, and attorneys' fees and costs be **GRANTED IN PART AND DENIED IN PART**. Plaintiff should be awarded $45,000 in statutory damages, a permanent injunction

should be entered against Defendant as to the Photograph, and Plaintiff's counsel should be awarded $4,339.10 in attorneys' fees and costs.

## IV. OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on November 8, 2021.

JACQUELINE BECERRA
United States Magistrate Judge